## City of Sunbury v. Pennsylvania Railroad Company

*Cullen F. Shipman* and *Sidney J. Apfelbaum,* for plaintiff.

*Richard Henry Klein,* for defendant.

TROUTMAN, J., May 14, 1951.—On December 8, 1950, defendant presented to this court its petition for allowance of appeal, together with a proper bond in double the amount of debt, interest and costs, from the judgment of an alderman of the City of Sunbury, imposing a penalty of $10 and costs upon defendant company. The bond was approved, the appeal was allowed and duly filed in this court. The same day notice was sent to counsel for plaintiff in accordance with rule IV of the rules of this court, advising it that the appeal had been filed and that within 15 days after

receipt of the notice, plaintiff should file a statement of its cause of action and serve a copy thereof upon defendant and its counsel. This notice was received by plaintiff on December 9, 1950, and on December 14, 1950, defendant filed an affidavit of service of notice.

Thereafter, on December 21, 1950, plaintiff filed a petition for a rule to show cause why the appeal should not be dismissed and a rule was granted thereon, returnable January 15, 1951. The substance of the petition to dismiss the appeal complains that defendant, by complying with rule IV of the rules of this court, served an improper and defective notice for the reason that the portion of the rule which provides for notice from defendant to plaintiff to file a statement of cause of action within 15 days has been suspended by implication by Pennsylvania Rule of Civil Procedure 1037(a). Plaintiff contends that rule 1037(a) permits plaintiff 20 days within which to file a statement of cause of action and since the notice from defendant was defective, the appeal should be dismissed.

Rule IV of the rules of this court provides that in all civil actions brought into court on appeal from magistrates, justices of the peace, or aldermen, appellant shall within five days give written notice to the opposite party of the filing of the appeal and proof of service thereof shall be filed of record, and within 15 days after the service of notice plaintiff shall file a statement of his cause of action and serve a copy thereof, together with a demand for an affidavit of defense, to be filed within 15 days and thereafter the proceedings shall be the same as in actions originally brought in the common pleas.

The Pennsylvania Rules of Civil Procedure are promulgated under the authority of the act of assembly approved June 21, 1937, P. L. 1982, as amended, 17 PS §61 et seq. Section 2 of the act, as amended,

provides that each of the courts of common pleas may adopt additional local rules for the conduct of its business, "which shall not be inconsistent with or in conflict with said general rules prescribed by the Supreme Court of Pennsylvania".

The question raised by the petition, rule and answer thereto is whether local rule IV of this court is inconsistent with or in conflict with any of the general rules governing the action of assumpsit in the several courts of common pleas. Rule 1001 of the Rules of Civil Procedure, relating to action of assumpsit, defines "action" as meaning an action of assumpsit brought in or appealed to any court which is subject to the procedural rules. The action in the instant case is an action appealed to this court. By the plain meaning of the language used, such an action is subject to and governed by the rules relating to actions of assumpsit: Pa. R. C. P. 1001-1037. Of course, the Rules of Civil Procedure do not govern actions before aldermen or justices of the peace, but once these matters get into our court, then the Rules of Civil Procedure apply.

A careful examination of rule IV of the rules of this court shows that all that is required of appellant when he appeals from the judgment of an alderman or justice of the peace is that he shall within five days give written notice to the opposite party of the filing of the appeal and proof of service thereof shall be filed of record. When appellant has done this, he has perfected his appeal. This procedure must be followed by appellant whether he be a plaintiff or a defendant. There is no requirement that if appellant is defendant, he must notify plaintiff that he must file a statement of his cause of action within 15 days after the service of the notice. In this case defendant-appellant did include that portion of the rule in his notice of appeal. As far as the notice of the filing of the appeal is concerned, this direction to file a statement of plaintiff's

cause of action within 15 days from receipt of the notice is mere surplusage. It is just as much the duty of plaintiff to know the rules of court as it is for defendant to know them.

Consequently, since defendant-appellant has taken no action in the form of a judgment of non pros, plaintiff has not been harmed in any way by the direction on the part of defendant to file a statement of its cause of action within 15 days. As a matter of fact such a statement could have been filed at any time until action might be taken by defendant. Therefore, plaintiff's rule to show cause why the appeal should not be dismissed must be refused.

While it is not directly pertinent to the disposition of the present rule, the petition does raise the question as to whether rule IV of this court is not inconsistent with the provisions of the Rules of Civil Procedure governing actions at law. Under the provisions of rule 1001, when the appeal is perfected, it then becomes an action in the Court of Common Pleas, governed by the Pennsylvania Rules of Civil Procedure. We are of the opinion that the procedure then falls within the provisions of rule 1037(a) in respect to the filing of a complaint by plaintiff in such an appeal. Rule 1037(a) of Pa. R. C. P. provides as follows:

"If an action is not commenced by a complaint, the Prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the Prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros."

The proper practice on appeals from justices of the peace, magistrates or aldermen is for appellant within five days from the date of the filing of his appeal to give written notice to the opposite party of the filing of the appeal and file of record proof of service thereof. Then, the burden rests upon plaintiff in the action to

file a complaint. If he fails to file a complaint, then defendant, under the provisions of rule 1037(a) can enter a rule upon plaintiff to file a complaint and if such complaint is not filed within 20 days after service of the rule, judgment of non pros can be entered by the prothonotary. If defendant should so desire, by praecipe, he could order the prothonotary to enter a rule upon plaintiff to file a complaint, at the same time notice of the appeal is given.

Since rule 1026 provides that every pleading subsequent to the complaint shall be filed within 20 days after service of the preceding pleading, if the preceding pleading is endorsed with a notice to plead, the provisions of rule IV of this court providing for the filing of an affidavit of defense within 15 days is inconsistent therewith and is no longer applicable.

### Order

And now, to wit, May 14, 1951, plaintiff's rule to show cause why the appeal should not be dismissed is hereby discharged and the petition dismissed and plaintiff is directed to file a complaint in the action within 20 days from the date hereof.